| | |
|---|---|
| ZENYEA BEACHEM, ET AL | CIVIL ACTION NO.: 3:21-CV-00299-TAD-KDM |
| | JUDGE TERRY A. DOUGHTY |
| | |
| | UNITED STATES DISTRICT COURT |
| VERSUS | |
| | WESTERN DISTRICT OF LOUISIANA |
| LASALLE CORRECTIONS | |
| L.L.C., ET AL | MONROE DIVISION |

**********************************************************************************

## THIRD AMENDED COMPLAINT

**********************************************************************************

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, ZENYEA BEACHEM, hereinafter "BEACHEM",) who is the mother and on behalf of JAZYRIA BEACHEM who is the minor biological child of decedent CECIL WILLIAMS, BEACHEM seek relief for defendant's violation of her rights secured by the Fourth Amendment b the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, rights secured by The 8th Amendment against cruel and unusual punishment and for rights secured under the laws and Constitution of the State of Louisiana. Plaintiff seeks damages, compensatory and punitive. Affirmative and equitable relief, an award of costs and attorney fees and such other further relief as this court deems equitable and just.

2. BEACHEM is the biological mother of the above-mentioned minor child and the minor is the surviving descendant of her deceased father, CECIL WILLIAMS. BEACHEM asserts this action on behalf of the minor child as her natural tutrix.

3. BEACHEM on behalf of the minor children, seeks relief in this survival action due to WILLIAMS'S wrongful death as a result of the negligence and fault of Defendants. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs and attorney fees and such other further relief as this court deems equitable and just.

### JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, 1342 (3) and (4) by this action seeking relief for the violation of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of $75,000.00 exclusive of interests and costs.

5. BEACHEM invokes this Court's pendent jurisdiction over any and all state law claims and causes of action, which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action.

6. BEACHEM demands a trial by jury on each and every one of their claims as pled herein.

## VENUE

7. Venue is proper for the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. Section 1391 9 (a), (b) and (c).

## PARTIES

8. The Plaintiff, ZENYEA BEACHEM, is not incarcerated and is represented by Attorney Shannon L. Battiste.

9. Defendant, LASALLE CORRECTIONS, L.L.C hereinafter "LASALLE", is a company specializing in corrections, detention, and mental health treatment. LASALLE has a contract with the Louisiana Department of Public Safety and Corrections to house inmates on behalf of the State of Louisiana at the MADISON PARISH CORRECTIONAL CENTER IN TALLULAH LOUISIANA. LASALLE, at all times pertinent herein, acted under color of law because LASALLE exercises custodial and supervisory authority over persons in confinement on behalf of the State of Louisiana by way of the 14th Amendment of The U.S. Constitution and is made applicable to the State of Louisiana by way of the 14th Amendment of The U.S. Constitution. At all times LASALLE, has ultimate policy making authority with respect to the conduct and procedures of the MADISON PARISH CORRCTIONAL CENTER. LASALLE'S principal place of business is 192 BASTILLE LANE, RUSTON, LA 71270.

10. Defendant, WMC ENTERPRISES, LLC is an Officer of LASALLE with an address of 192 Bastille Lane, Ste 200, Ruston, LA 71270.

11. Defendant, KPL, LLC is an officer of LASALLE, with an address of 192 Bastille, Lane, Suite 200, Ruston, LA 71270.

12. Paragraph 12 is amended to include the following language: Defendant, Patrick M. Temple, who is employed with Correct Solutions, L.L.C., with an address of 192 Bastille, Lane, Suite 200, Ruston, LA 71270.

13. Defendant, XYZ Insurance Company, is a substitute that is being used for the unknown insurance carrier of LASALLE. At all times pertinent hereto XYZ had a comprehensive umbrella policy that covers all acts of employees of LASALLE and was in effect and paid on the date of the action that makes up the crux of this claim.

14. Defendant, MADISON PARISH CORRECTIONAL CENTER, L.L.C., is a pass-through payroll entity and has the same domicile as LASALLE CORRECTIONALS, LLC., MADISON PARISH L.L.C., employs all non-corporate defendants.

15. Defendant, KYLE ERWIN, (hereinafter "ERWIN") is an employee of defendant LASALLE and is a payroll employee of LASALLE at MADISON PARISH CORRECTIONAL CENTER-LASALLE at all times pertinent hereto and is sued in his individual and official capacity. After limited discovery a full name will be given in an amended petition

16. Defendant, DEVARIO BANKS, (hereinafter "BANKS") is an employee of defendant LASALLE and MADISON CORRECTIONAL CENTER, LLC. and is employed at MADISON PARISH CORRECTIONAL CENTER-LASALLE at all times pertinent hereto and is sued in his individual and official capacity.

17. Defendant, FRED FLETCHER, (hereinafter "FLETCHER") is an employee of defendant LASALLE and MADISON CORRECTIONAL CENTER, LLC and is employed at MADISON PARISH CORRECTIONAL CENTER-LASALLE at all times pertinent hereto and is sued in his individual and official capacity. After limited discovery a full name will be given in an amended petition.

18. Defendant, KIMBLE MARSHALL, (hereinafter "C/O MARSHALL") is an employee of defendant LASALLE and MADISON CORRECTIONAL CENTER, LLC and is employed at MADISON PARISH CORRECTIONAL CENTER-LASALLE at all times pertinent hereto and is sued in his individual and official capacity. After limited discovery a full name will be given in an amended petition.

## STATEMENT OF FACTS

19. CECIL WILLIAMS, was a 20 year old black male who suffered from Asthma since birth and was being housed in East Baton Rouge Parish Prison awaiting trial. The severity of his medical condition was very well documented by East Baton Rouge Parish prison, and he was provided an inhaler. WILLIAMS, was later transferred to Madison Parish Detention Center and arrived on or about July 2, 2020 and immediately started complaining that he did not have any more albuterol in the inhaler that he came to Madison Parish Detention Center with.

20. In the early morning of July 9, 2020 WILLIAMS, started to alert the on duty nurse ERWIN by punching on the door to the dormitory which is in close proximity to Nurse ERWIN'S work station and she responded saying "Stop playing, get the fuck and wait". At this point WILLIAMS started making hand signs tying to communicate to her that he could not breathe and then he fell to the floor right in front of her. Nurse ERWIN does not attempt to render any aid to WILLIAMS. Exactly one hour earlier, WILLIAMS attempted to ask Nurse ERWIN for an asthma pump and so did other inmates earlier in the night.

21. A correctional offer, C/O MARSHALL came into the scene and he did not attempt to render any aid either and told the inmates to pull WILLIAMS in the dorm. MARSHALL negligently did not attempt to render any CPR or check for any signs of life. He just assumed that WILLIAMS had passed out from an asthma attack. At some point, the other inmates notices that WILLIAMS was not breathing and inmate Christopher Heard tried to use WILLIAM'S asthma pump to revive him and noticed that it was empty and several inmates began to call for help. C/O MARSHALL told inmate Christopher Heard tried that he was not putting his mouth on an inmate and refused to perform CPR on the now deceased WILLIAMS. The inmates again tried to alert prison staff of the crisis but to avail. C/O MARSHALL left WILLIAMS and said that he had to go "run" breakfast at another part of the prison at about 4:30 a.m. C/O MARSHALL returned and then allowed another inmate to perform CPR on WILLIAMS, at this point it is an hour and half that the inmates have been working on WILLIAMS with no help from any of the CPR certified prison staff. C/O BANKS and C/O FLETCHER entered the dormitory and saw WILLIAMS on the floor and made no attempts to render any aid as well and also ignored the inmates' repeated cries for help.

22. EMS arrived at about 6:00 to 6:30 in the morning and WILLIAMS had no pulse or heartbeat and was later pronounced dead. After WILLIAMS died his bed was searched and a cell phone was found and C/O MARSHALL said, "They are not going to have anything, not that we have found his cell phone". A cell phone video however does exist that memorializes the claim of all the inmate witnesses and the inmates all subsequently wrote grievances detailing the events of this day.

## FIRST CLAIM

<u>42 U.S.C. Section 1983</u>

(Against All Prison Officials)

23. BEACHEM incorporates by reference all allegations set forth in paragraphs 1 through 20 is fully set forth herein.

24. By the actions described above, the defendants, have committed the following wrongful acts against the plaintiff, which are torturous under the law:
    a. Wrongful death;
    b. Negligence in training;
    c. Negligence in hiring;
    d. Negligence in supervision;
    e. Negligence for not having an emergency asthma inhaler in accordance with practice standards and governmental regulations in effect.

f. Violation of rights otherwise guaranteed by under state and federal law.

## STATE LAW CLAIMS

25. The defendants committed the state law torts of assault, battery, and wrongful death of the **WILLIAMS.**

WHEREFORE, the plaintiff demands the following relief jointly and severely against all defendants:

a. Compensatory damages in the amount of $3,000,000.00;
b. Punitive damages in the amount of $3,000,000.00;
c. The convening and empaneling of a jury to consider the merits of the claims herein;
d. The court to order, pursuant to 42 U.S.C. 1988, the plaintiff is entitled to costs involved in maintaining this action, including attorney's fees.
e. Such other relief as the court may deem appropriate and equitable.

**Dated March 14, 2022**

        **Respectfully Submitted:**

        /s/ Shannon L. Battiste
        Shannon L. Battiste
        Bar Roll Number 30198
        **12605 South Harrells Ferry Road, Suite 5**
        **Baton Rouge, LA 70816**
        Ph:225.726.5070
        email: attorneybattiste@yahoo.com

**C E R T I F I C A T E**

I certify that I have served a copy of the above and was electronically served on all parties on the 14th day of March 2022.

        /s/ Shannon L. Battiste
        Shannon L. Battiste